IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

        Plaintiff,                  No. 2:12-cv-01659 JAM KJN

        v.

JOHN DOE,

        Defendant.             ORDER
_____/

        Presently before the court is plaintiff's ex parte application for leave to conduct expedited discovery ("Application") pursuant to Federal Rule of Civil Procedure 26(d)(1).[1] Plaintiff seeks leave of court to serve a discovery subpoena on nonparty Internet Service Provider ("ISP") Comcast Cable Communications LLC ("Comcast"), and if necessary serve subpoenas on other "intermediary ISPs," in order to obtain the true identity of defendant "John Doe," who is alleged to have infringed on plaintiff's copyrighted video entitled *Popular Demand*. (See generally Application, Dkt. No. 6; see also, e.g., Compl. ¶¶ 1, 3-4.). Because plaintiff did not request a hearing, and oral argument would not materially aid the resolution of the pending matter, the court resolves plaintiff's Application on the moving papers and record. See Fed. R.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

Civ. P. 78(b); E. Dist. Local Rule 230(g).  In consideration of the Application, and for the reasons stated below, the court grants plaintiff's Application for leave to conduct limited early discovery and authorizes plaintiff to serve nonparty subpoenas pursuant to Federal Rule of Civil Procedure 45 and in accordance with the remainder of this order.

I.   BACKGROUND

On June 20, 2012, plaintiff filed complaint against defendant "John Doe," asserting claims of copyright infringement, contributory infringement, and negligence in regards to the copyrighted video entitled *Popular Demand* ("Video").  (See generally Compl.)  Plaintiff alleges that it is the "exclusive holder of the relevant rights" with respect to the Video.[2]  (Id. ¶ 2.)

Plaintiff alleges that John Doe used an online peer-to-peer media distribution system, a "BitTorrent" file sharing protocol, to download the Video and then distribute the Video to numerous, unidentified third parties.[3]  (See Compl. ¶¶ 4, 22-24.)  Plaintiff alleges that it does

---

[2] Plaintiff alleges that the Video is currently registered with the U.S. Copyright Office, and that plaintiff "received the rights to this Video pursuant to an assignment agreement." (Compl. ¶ 19 & Exs. A-B.)  Pursuant to 17 U.S.C. § 501(b), the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."  Accord Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005) (en banc).

[3] The complaint generally describes the mechanics of the BitTorrent protocol. (Compl. ¶¶ 8-17; see also Hansmeier Decl. ¶¶ 8-13, Dkt. No. 6, Doc. No. 6-1.)  A magistrate judge in the Northern District of California summarized the BitTorrent protocol as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers."  The group of peers involved in downloading/distributing a particular file is called a "swarm."  A server which stores a list of peers in a swarm is called a "tracker."  A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file.  This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution.  Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file.  Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data

2

not know the actual name of John Doe at this time.[4]  (Id. ¶ 4.)  However, through use of investigators, plaintiff has identified evidence of John Doe's alleged infringing activities, as well as identifying information about John Doe.  Plaintiff represents that it has identified John Doe by the unique Internet Protocol ("IP") address "76.126.37.254," which corresponds with plaintiff's observation of John Doe's alleged infringing activities on May 18, 2012, at 3:01 p.m.[5]  (See id. ¶¶ 4, 22-23; see also Hansmeier Decl. ¶ 27.)  Plaintiff's investigator declares that at some point after observing the alleged infringing activity, he "physically downloaded the [distributed] file and compared it to an actual copy of the Video to confirm that the file was a substantially-similar reproduction of the copyrighted Video."  (Hansmeier Decl. ¶ 25.)  Additionally, plaintiff determined that Comcast is the ISP that provided the above-referenced IP address to John Doe.  (Id. ¶ 24, 28.)

On June 28, 2012, plaintiff filed the pending Application in order to discover John Doe's actual name so that plaintiff may name him in an amended complaint and serve him with process.  (See Application at 4 ("Without knowing [John Doe's] identity, Plaintiff will have no means to name and serve anyone with process.").)  Plaintiff seeks leave of court to serve a Rule 45 subpoena on Comcast in order to learn the actual name of John Doe.  Additionally,

---

to the other peers in the swarm.  When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2 (N.D. Cal. May 31, 2011) (unpublished).

[4] The use of "Doe" defendants is generally disfavored.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, a plaintiff should be given an opportunity through discovery to identify such defendants where the identities of those defendants are not be known prior to the filing of a complaint, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Id.

[5] Plaintiff's complaint alleges that plaintiff used "geolocation technology to trace [John Doe's] IP address . . . to a point of origin within the State of California."  (Compl. ¶ 6.)  Plaintiff also alleges that it identified a unique file "hash" identifier associated with the particular BitTorrent swarm: "6C10F2DCFF52961B876AA592183103BAC958E989."  (Id. ¶ 24.)

plaintiff asserts that certain ISPs lease or otherwise allocate excess IP addresses to unrelated ISPs, and that the absence of a direct relationship, such as a contractual relationship, between the "lessor ISP" and the end-user deprives the lessor ISP of the ability to identify alleged infringers like John Doe through user logs. (Application at 2; Hansmeier Decl. ¶ 30.) Accordingly, plaintiff also seeks leave to serve Rule 45 subpoenas on "lessee" ISPs to the extent that Comcast turns out to be a lessor ISP that cannot identify John Doe from Comcast's user logs and records. (See Application at 2; Hansmeier Decl. ¶ 30; Proposed Order at 1-2, Dkt. No. 6, Doc. No. 6-3.)

No status (pretrial scheduling) conference has been set in this case. (See Order Requiring Joint Status Report ¶¶ 4-5, Dkt. No. 5.) It is highly unlikely that a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) has taken place, or could take place, given plaintiff's representation that it does not presently know John Doe's actual name.

II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*" (emphasis added). District courts within the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (citation and quotation marks omitted).

III.  DISCUSSION

Here, plaintiff seeks permission to conduct limited early discovery and serve Rule 45 subpoenas on ISPs that may very well be able to assist plaintiff in identifying the true

4

identity of John Doe.  District courts within the Ninth Circuit have regularly found good cause supporting early or expedited discovery in cases where the plaintiff alleged copyright infringement accomplished through distribution of the work over a peer-to-peer network, and where the plaintiff only named Doe defendants and sought early discovery to obtain the identities and contact information of the alleged infringers from associated ISPs.  See, e.g., Berlin Media Art E.K. v. Does 1 through 146, No. S-11-2039 KJM GGH, 2011 WL 4056167, at *2 (E.D. Cal. Sept. 12, 2011) (unpublished) (granting leave to conduct expedited discovery in the form of Rule 45 subpoenas seeking "information sufficient to identify each Doe defendant by name, current and permanent address, telephone number, and e-mail address"); UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4-5 (N.D. Cal. Sept. 3, 2008) (unpublished) (granting leave to conduct expedited discovery in the form of Rule 45 subpoenas seeking "documents that identify Defendant, including the name, current (and permanent) address and telephone number, e-mail address, and Media Access Control addresses for Defendant" John Doe); Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1-2 (S.D. Cal. Dec. 20, 2007) (granting leave to conduct expedited discovery in the form of Rule 45 subpoenas seeking documents that would reveal each Doe defendant's "true name, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses.").

    For example, in Arista Records LLC, the plaintiffs alleged that unidentified defendants used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission.  Arista Records LLC, 2007 WL 4538697, at *1.  Because the plaintiffs were only able to identify each defendant by a unique IP address assigned to that defendant, the plaintiffs filed an ex parte application seeking leave to immediately serve discovery on a nonparty ISPs to identify the Doe defendants' true identities.  Id.  The district court found good cause to allow expedited discovery on the basis of the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the

information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. Id.  The court further noted that, without such discovery, the plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works. Id.

Here, the undersigned finds that good cause supports permitting plaintiff to conduct limited early discovery in order to discover John Doe's actual identity and contact information.[6]  First, plaintiff has persuasively argued that it cannot identify John Doe without limited early discovery and, therefore, cannot name John Doe or serve him with process. Second, plaintiff plainly cannot conduct a Rule 26(f) discovery conference without knowing John Doe's real name and contact information.  Third, plaintiff's representations presently support that the IP address identified by plaintiff is associated with a particular individual, and that the discovery sought will facilitate identification of, and service of process on, John Doe.  Fourth, plaintiff's investigative technician has declared that some ISPs store subscriber information associated with particular IP addresses for as little as months or weeks, which supports permitting expedited discovery. (Hansmeier Decl. ¶ 29.)[7]  The undersigned also finds, at least on

---

[6] Although of no material impact on the pending Application, the undersigned notes that other magistrate judges of this court have granted plaintiff herein leave to serve Rule 45 subpoenas on an identified ISP and intermediary ISPs in order to identify a single Doe defendant in other cases who allegedly infringed on plaintiff's copyrights to *Popular Demand* by use of a BitTorrent protocol. See generally AF Holdings LLC v. John Doe, IP Address 71.195.119.40, No. CIV S-12-1067 KJM CKD, 2012 WL 1657828 (E.D. Cal. May 10, 2012) (unpublished); AF Holdings LLC v. Doe, Civ. No. S-12-1064 JAM GGH, 2012 WL 1642048 (E.D. Cal. May 9, 2012) (unpublished); AF Holdings LLC v. Doe, Civ. No. S-12-1078 GEB GGH, 2012 WL 1610185 (E.D. Cal. May 8, 2012) (unpublished).

[7] Hansmeier's statements about ISPs' data retention policies is rather speculative and, therefore, of little value. However, plaintiff has attached to its Application what is purported to be Comcast's "Internet Compliance" policy, marked "Comcast Confidential" and "Version 9/07." (Application, Ex. B.) That document addresses Comcast's apparent data retention policies. However, plaintiff did not submit Comcast's purported Internet Compliance policy as an exhibit to a declaration identifying the circumstances under which plaintiff obtained that document. Accordingly, that document is of minimal assistance to the court in regards to review of the

the present record, that there is little risk of material prejudice to John Doe or the ISPs if the ISPs are served with Rule 45 subpoenas that require the ISPs to provide the actual name and contact information of one of its customers. Finally, John Doe and each ISP may move to quash the subpoena or seek a protective order.

        In short, good cause supports permitting plaintiff to conduct very limited, expedited discovery. The minimal risk of prejudice to John Doe, Comcast, or any intermediary ISPs does not outweigh plaintiff's need for the discovery sought.

IV.    CONCLUSION

        For the foregoing reasons, IT IS HEREBY ORDERED that:

    1.    Plaintiff's ex parte application to conduct expedited discovery (Dkt. No. 6) is granted.

    2.    Plaintiff may immediately serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Comcast Cable Communications LLC to identify the actual name and contact information for the John Doe defendant who is associated with IP address 76.126.37.254, and may also serve such subpoenas on any "intermediary" or "lessee" ISP that is identified as a direct result of the subpoena served on Comcast Cable Communications LLC as providing defendant John Doe with Internet services at IP address 76.126.37.254. Such subpoenas shall be limited in scope and may only seek the following information about defendant John Doe: name, address, telephone number, and e-mail address. A copy of this order shall be attached to any such subpoena.

    3.    Comcast Cable Communications LLC, and any other ISP subpoenaed pursuant to this order, shall in turn serve a copy of the subpoena and a copy of this order on the subscriber, defendant John Doe, within 14 days from the date of service of the subpoena on the

---

Application. Moreover, for no apparent or explained reason, plaintiff also attached the purported subpoena compliance policies of Cox Communications and Time Warner Cable/Road Runner. (Id.) As the undersigned has warned plaintiff on several prior occasions, plaintiff should refrain from filing documents with the court that have no apparent connection to the pending matter.

ISP. An ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

4. Any ISP served with a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena.

5. Nothing in this order precludes any of the ISPs or defendant John Doe from challenging the subpoenas consistent with the Federal Rules of Civil Procedure, the court's Local Rules, or other applicable laws. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 45 days from the date of service of the subpoena on the ISP.

6. If an ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.

7. Any information disclosed to plaintiff by any ISP may only be used by plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq., and other rights stated in the complaint.

IT IS SO ORDERED.

DATED: June 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE